**EXHIBIT 1**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

CARL E. PANNELL JR

    Vs.                           C.A. No.    2021 CA 000297 B

PROTECTION STRATEGIES INCORPORATED

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge SHANA FROST MATINI
Date:       February 2, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, May 07, 2021
Location:  Courtroom 517
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,    "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1** (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> * *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page



AUDIO ALTERNATIVE: Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

**Option 4:** (Ipad/SMART PHONE/TABLET):

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

Filed
D.C. Superior Court
02/02/2021 18:41PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Carl E. Pannell Jr.
12600 Northton Ct.
Upper Marlboro, MD 20772

       Plaintiff,

Protection Strategies Incorporated
9717 Cogdill Road, Suite 101
Knoxville, TN 37932

  Resident Agent,
  Corporation Service Company
  1090 Vermont Ave
  Washington, DC 20005

Civil Case No. **2021 CA 000297 B**

### Complaint

Plaintiff, Carl E. Pannell Jr. hereby brings suit against his former employer Protection Strategies Inc, ("Defendant") for making false and derogatory statements in violation of § 31–2231.05.

### Parties

1. Plaintiff is an adult resident of the State of Maryland and was employed by Protection Strategies Inc.as a Personnel Security Specialist located in a building occupied by the Department of Justice.

2. Protection Strategies Inc.is a Tennessee business. It is subject to the personal jurisdiction of this Court and the Courts of the District of Columbia because it conducts significant business in the District of Columbia, and those contacts give rise to the claims in this suit.

## Jurisdiction

3.  This court has jurisdiction over this claim because it involved District of Columbia laws.

4.  This Court has in *personam* jurisdiction over Defendant because I conducts business in the District of Columbia and/or because a substantial part of the events giving rise to these claims occurred in the District of Columbia.

## Statement of Facts

5.  Plaintiff was employed by Defendant from May 14th of 2018 to June 1st of 2018.

6.  During Plaintiff's time of employment with defendant at no time or was plaintiff reprimanded for any action or conduct of behavior either verbally or in writing.

7.  During Plaintiff's employment with Defendant at no time did Plaintiff inquire nor express any interest to look up any individual's background check, known to Plaintiff or otherwise, through Department of Justice's database system

8.  At all relevant time Plaintiff was supervised by Team Lead Janielle Tilghman. Plaintiff found difficulty working with Tilghman (as other similarly situated employees) and made several pleas to Protection Strategies Inc.'s management and human recourses. On May 21st Plaintiff made known to Protection Strategies Inc. management and human resources department, via email, about the insolent and demeaning behavior that Plaintiff was experiencing from Tilghman.

9.  On May 22, 2018 Plaintiff written another email again to Protection Strategies Inc. management and human resources requesting to be could be solely trained by the other Protection Strategies Inc. employee NaKeya Miller. In this email detailed that Plaintiff was receiving the same insultingly contemptuous behavior from Tilghman.

10. On May 25, 2018 Tilghman emailed Plaintiff instructions to contact Protection Strategies Headquarters, informing that Plaintiff's former

supervisor, Operations Manager, Daniel Webb, via phone conference. Phone number was provided by Tilghman. Webb introduced himself and informed that Plaintiff that another officer of Protection Strategies Inc. was present, which was Francheska Parkman. During this telephone conference neither Webb nor Parkman raise any issue concerning Plaintiff's conduct, behavior, or work ethic. During this teleconference Webb wanted to address the complaints that were raised in Plaintiff's prior emails. At the conclusion of this teleconference Webb informed Plaintiff that an investigation would follow concerning this matter.

11.    On May 30, 2018 Plaintiff sent an email to Protection Strategies Inc. management and human resources, namely Webb and Parkman, to inquire if there was another contract available. Parkman responded to email notifying Plaintiff receipt of email. At this time Parkman did raise any issue concerning Plaintiff's conduct, behavior, or work ethic.

12.    On May 31, 2018 Parkman had written Plaintiff's termination letter of employment.

13.    Plaintiff was terminated from employment on June 1st of 2018. Plaintiff was informed of the termination, via telephone, by former supervisor, Daniel Webb. Defendant's termination of Plaintiff's employment occurred abruptly and no reason for termination was given until after Plaintiff was terminated.

14.    Plaintiff learned that reason for termination was contrived by Tilghman. Due the complaints that Plaintiff was submitting to Defendant, Tilghman developed animus towards Plaintiff and purported stories of untruth with malicious intent that eventually lead to Plaintiff's termination of employment.

15.    Plaintiff has suffered damages as a result of Defendant's false and defamatory statements in an amount to be proven at trial in excess of $50,000.00.

## Of Cause of Action for Defamation

16.    Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set for within.

17. In February of 2020 Plaintiff conducted an interview from a Federal Investigator. During this interview the investigator informed Plaintiff that he had knowledge of termination by Protection Strategies Inc.

18. On or about December 9, 2020 Plaintiff learned that Defendant had informed to a Federal Investigator untrue, unfounded and malicious statement pertaining to the termination of Plaintiff's employment from Protection Strategies Inc.

19. Defendant informed to the Federal Investigator that Plaintiff had been involuntarily terminated from Protection Strategies Inc.

20. Defendant propagated untrue and unfounded statements to the Federal Investigator that Plaintiff had inquired how to search individuals in the Department of Justice's database system to obtain personal information.

21. Plaintiff has performed duties in Personnel Security in capacity beginning April of 2016. It is mandatory that Plaintiff can acquire and maintain eligibility to keep and/or pass a Federal background investigation. These derogatory and inflammatory statements made by Defendant has caused grief to Plaintiff to include but are not limited to:
    a. Found unfavorable/questionable to Federal background investigations
    b. Unsuitable for Federal employment and contractual Federal employment.
    c. Has lost several employment opportunities

## Relief Requested

This Court should enter judgement for Plaintiff and against Defendant in the amounts specified below:
    a. Compensatory damages of 57,000 per annum for salary Plaintiff would have earned.
    b. Punitive damages
    c. Grant preliminary and permanent injunctive relief to prevent Protection Strategies from making further defamatory remarks
    d. Any other relief this Court deems just and proper.

Respectfully Submitted,

Plaintiff, Carl E. Pannell Jr. (Pro Se)
1500 Southview Dr. apt. 409
Oxon Hill, MD 20745
cpannelljr@gmail.com
Phone: (301)-523-8480

Carl Pannell
1500 Southview Dr. apt. 409
Oxon Hill, MD 20745



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

018 1130 0000 0582 4507





1000

20005



U.S. POSTAGE PAID
FCM LG ENV
WASHINGTON, DC
20032
FEB 05, 21
AMOUNT
**$7.85**
R2305K136929-66

Corporation Service Company
on behalf of Protection Strategies Inc.
1090 Vermont Ave NW
ste 430
Washington, DC 20005