EXHIBIT 2

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |  |
|---|---|---|
| CARL E. PANNELL, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2021 CA 000297 B |
| v. | ) | The Honorable Shana Frost Matini |
| | ) | Next Event:  Initial Scheduling Conference |
| PROTECTION STRATEGIES, INC. | ) | 5/7/2021 at 9:30 am |
| | ) | |
| Defendant. | ) | |
| _____ | ) | _____ |

## DEFENDANT PROTECTION STRATEGIES, INC'S OPPOSED MOTION TO DISMISS COMPLAINT

Defendant Protection Strategies, Inc.'s ("Defendant"), by and through undersigned counsel, hereby moves to dismiss all claims pleaded against it in the Complaint filed by Carl E. Pannell, Jr. ("Plaintiff"), pursuant to Super. Ct. Civ. R. 12(b)(1) and 12(b)(6).  For all the reasons stated in Defendant's accompanying Memorandum in Support of its Opposed Motion to Dismiss, Plaintiff's Complaint must be dismissed.  Defendant moves for dismissal of this action with prejudice and requests a hearing on its motion.

Dated:  March 2, 2021             Respectfully submitted,

ORAL HEARING REQUESTED       */s/ Amy M. Heerink*
                           Michael E. Barnsback (D.C. Bar No. 1614499)
                           Amy M. Heerink (D.C. Bar No. 457186)
                           O'Hagan Meyer, PLLC
                           2560 Huntington Avenue, Suite 204
                           Alexandria, VA 22303
                           Tel:  (703) 775-8603
                           mbarnsback@ohaganmeyer.com
                           aheerink@ohaganmeyer.com
                           *Counsel for Defendant Protection Strategies Inc.*

1

## RULE 12-I CERTIFICATE

I hereby certify that I sought the consent of Plaintiff to the relief requested in the above Motion via email on February 25, 2021 at 2:42 pm.  Plaintiff stated via email dated February 25, 2021 at 3:04 pm that he opposed Defendant's motion to dismiss.

*/s/ Amy M. Heerink*
Amy M. Heerink

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2021, a copy of the foregoing Defendant Protection Strategies, Inc.'s Opposed Motion to Dismiss Complaint was filed with the Clerk's office via CaseFileXpress and served on Plaintiff via email and via first-class U.S. mail, postage pre-paid, as follows:

> Carl E. Pannell, Jr.
> 12600 Northton Court
> Upper Marlboro, MD 20772
>
> 1500 Southview Dr., Apt. 409
> Oxon Hill, MD 20745
> cpannelljr@gmail.com
> Tel:  (301) 523-8480

*/s/ Amy M. Heerink*
Amy M. Heerink

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| CARL E. PANNELL, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2021 CA 000297 B |
| v. ) | |
| ) | |
| PROTECTION STRATEGIES, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | _____ |

## ORDER GRANTING
## DEFENDANT PROTECTION STRATEGIES, INC'S MOTION TO DISMISS

UPON CONSIDERATION of Defendant Protection Strategies, Inc.'s Motion to Dismiss Plaintiff's Complaint, and any timely opposition thereto, it is this _____ day of _____, 2021, by the Superior Court of the District of Columbia,

**ORDERED**, that said Motion hereby is **GRANTED**, and it is further

**ORDERED**, that all claims pleaded against Protection Strategies, Inc. are hereby dismissed with prejudice.

_____
Judge Shana Frost Matini

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| CARL E. PANNELL, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2021 CA 000297 B |
| v. ) | The Honorable Shana Frost Matini |
| ) | Next Event:  Initial Scheduling Conference |
| PROTECTION STRATEGIES, INC. ) | 5/7/2021 at 9:30 am |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT PROTECTION STRATEGIES, INC'S OPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Protection Strategies, Inc. ("PSI"), by and through undersigned counsel, hereby submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint ("Complaint" or "Compl.") pursuant to Super. Ct. Civ. R. 12(b)(1) and 12(b)(6).

**INTRODUCTION**

Plaintiff Carl E. Pannell, Jr. ("Plaintiff") is a former PSI employee, who was terminated in June of 2018.  Plaintiff, acting pro se, claims that PSI defamed him sometime in February 2020 in its response to an inquiry by a federal investigator as part of a mandatory federal background investigation.  Plaintiff alleges that as a result he is unable to keep or pass the background investigation.  It is apparent that Plaintiff is discussing a security clearance, and the requirement that he maintain a valid security clearance to perform personnel security services for the federal government.  Thus, the resolution of Plaintiff's claim necessarily involves a determination of the basis for the denial of the security clearance – was is due to the alleged defamation or other factors.   However, the United States Supreme Court has held that the courts lack jurisdiction over claims implicating the merits of a decision to deny a security clearance. *See Dept. of Navy v. Egan*, 484 U.S. 518, 529 (1988).

1

Assuming *arguendo* this Court had jurisdiction to adjudicate Plaintiff's claim, the Complaint nevertheless fails to state a claim for defamation. An essential element of the claim is that that the defendant published the statement without privilege to a third party. *See Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001). The Complaint, to the contrary, establishes that the alleged statement was privileged as it occurred in the context of a federal investigation into Plaintiff. Wherefore, PSI respectfully requests the Court grant this motion and dismiss the Complaint with prejudice.

## ALLEGATIONS

This matter arises out of Plaintiff's three weeks of employment with PSI, from May 14, 2018 through June 1, 2018. Compl. ¶ 5. PSI employed Plaintiff as a Personnel Security Specialist working at a Department of Justice facility. *Id.* at ¶ 1. PSI terminated Plaintiff's employment on June 1, 2018. *Id.* ¶ 13.

Plaintiff has performed duties as a Personnel Security Specialist beginning in April of 2016. *Id.* at ¶ 21. In order to continue in that role, it is mandatory that Plaintiff maintain eligibility to keep and/or pass a federal background investigation. *Id.* According to the Complaint, in February 2020, a federal investigator conducting a background investigation of Plaintiff, "informed Plaintiff that he had knowledge of termination by [PSI]." *Id.* at ¶ 17. In December 2020, Plaintiff learned that PSI allegedly informed "a Federal investigator untrue, unfounded and malicious statement pertaining to the termination of Plaintiff's employment from [PSI]." *Id.* at ¶ 18. PSI informed the Federal investigator that Plaintiff had been involuntarily terminated. *Id.* at ¶ 19. This is a true statement. *Id.* at ¶ 13. It is also claimed that PSI told the federal investigator that "Plaintiff had inquired how to search individuals in the Department of Justice's database system to obtain personal information." *Id.* at ¶ 20. Plaintiff claims that this

2

"derogatory and inflammatory statements made by [PSI]" caused Plaintiff to have "unfavorable/questionable to Federal background investigations[, and] [u]nsuitable for Federal employment and contractual Federal employment." *Id.* at ¶ 21.

## STANDARD OF REVIEW

To survive a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "a plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear its claims." *Walsh v. Comey*, 118 F.Supp. 3d 22, 25 (D.D.C. 2015); *see also Cruz-Packer v. Chertoff*, 612 F. Supp. 2d 67, 69–70 (D.D.C. 2009). Because a court has an "independent obligation to determine whether subject-matter jurisdiction exists ... plaintiff's factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Walsh v. Comey*, 118 F.Supp. 3d at 25 (citations and internal quotation marks omitted).

To state a claim under Super. Ct. Civ. R. 12(b)(6), a court must accept as true all factual allegations set forth in the complaint and "construe them in the light most favorable to the non-moving party." *Chamberlain v. Am. Honda Fin. Corp.*, 931 A.2d 1018, 1023 (D.C. 2007). "To survive a motion to dismiss, a complaint must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate that these elements exist." *Williams v. District of Columbia*, 9 A.3d 484, 488 (D.C. 2010). The sole issue on review of such a motion is the legal sufficiency of the claim. *Aronoff v. Lenkin Co.*, 618 A.2d 669, 684 (D.C. 1992).

In addition, "[a] complaint should be dismissed under Rule 12(b)(6) if it does not satisfy the pleading standard in Rule 8(a)." *Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 543 (D.C. 2011). District of Columbia courts construing Rule 8(a) apply the interpretation given

3

by the U.S. Supreme Court to Rule 8(a) of the Federal Rules of Civil Procedure. *Potomac Dev. Corp.*, 28 A.3d at 544 & n.4 (citing *Mazza v. Housecraft, LLC*, 18 A.3d 786 (D.C. 2011), vacated as moot, 22 A.3d 820 (D.C. 2011)). Therefore, a complaint in this Court must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 544 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quotations and citations omitted). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Grayson v. AT&T Corp.*, 980 A.2d 1137, 1144 (D.C. 2009) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**ARGUMENT**

I.  **Court lacks subject matter jurisdiction because Complaint necessarily implicates a decision to deny Plaintiff a security clearance.**

It is well-settled by the United States Supreme Court that courts lack jurisdiction over claims implicating the merits of a decision to deny a security clearance. *See Dept. of Navy v. Egan*, 484 U.S. 518, 529 (1988). In *Egan*, a laborer at a naval facility was terminated after he was denied a security clearance required for his position due to his criminal record and failure to disclose certain information on his employment application. *Id.* at 520-21. He thereafter sought review of the denial of his security clearance by the Merit Systems Protection Board. *Id.* at 522. The Board concluded that it had no authority to review the merits of a security clearance determination, and on appeal, a divided panel of the Court of Appeals for the Federal Circuit reversed. *Id.* at 524-25.

In its review, the Supreme Court considered "[t]he narrow question ... [of] whether the Merit Systems Protection Board ... has authority by statute to review the substance of an

4

underlying decision to deny or revoke a security clearance in the course of reviewing an adverse action." *Id.* at 520.  The Court discussed historical efforts "to protect national security information by means of a classification system graded according to sensitivity," noting that the authority to protect and control access to information bearing on national security falls solely on the President as the head of the executive branch.  *Id.* at 527-28.  The Court stated that security clearances represent "an attempt to predict [a candidate's] possible future behavior and to assess whether, under compulsion of circumstances or for other reasons, he might compromise sensitive information," noting that such predictive judgments "must be made by those with the necessary expertise in protecting classified information." *Id.* at 528-29.

The Supreme Court accordingly concluded that "the protection of classified information must be committed to the broad discretion of the agency responsible," which "must include broad discretion to determine who may have access to it." *Id.* at 529. It explained that such a rule must exist because "it is not reasonably possible for an outside nonexpert body to review the substance of such a judgment and to decide whether the agency should have been able to make the necessary affirmative prediction with confidence," nor is it possible for such a body "to determine what constitutes an acceptable margin of error in assessing the potential risk." *Id.* at 529.  The Court thus reversed the holding of the Federal Circuit, and instead found that the MPSB was without authority to review the denial of the laborer's security clearance.  *Id.* at 530.

The D.C. Circuit applied the reasoning in *Egan* to "a Title VII action to preclude a 'nonexpert body'—whether administrative or judicial—from resolving a discrimination claim based on an adverse employment action resulting from an agency security clearance decision." *Ryan v. Reno,* 168 F.3d 520, 523 (D.C. Cir. 1999). The court in *Ryan* stated that proof in the Title VII case could not follow the usual steps because of *Egan.*  In *Ryan t*he nondiscriminatory

5

reason proffered for withdrawing the employment offers was that the applicants' long residence abroad prevented DOJ from conducting an adequate security clearance background investigation. The appellants could not challenge the proffered reason's authenticity without also challenging its validity.  *Id.* at 524. Therefore, "because the district court ... could not proceed with the appellants' discrimination action without reviewing the merits of DOJ's decision not to grant a clearance, the court was foreclosed from proceeding at all." *Id.  See also, Shoemaker v. Northrop Grumman Corp.*, No. 208CV01793RLHRJJ, 2009 WL 10693610, at *6 (D. Nev. June 30, 2009) (the logic and reasoning of *Egan* and others preclude review of a decision to ban an employee from working on a military base).

The logic and reasoning of *Egan* also serves to divest this Court with jurisdiction to review Plaintiff's claim for defamation.  The alleged defamation occurred in the context of a mandatory federal background investigation to determine Plaintiff's suitability to provide Personnel Security services for the federal government.  Although the Complaint does not specifically allege that the federal background investigation was for a security clearance, that is the only reasonable inference to be made from the totality of the allegations.  Thus, Plaintiff's claim necessarily involves a review of the merits of a decision by the federal government to deny Plaintiff a clearance.  As established by *Eagan*, this Court lacks jurisdiction over such a claim.

Therefore, PSI respectfully requests that its motion be granted, and the Complaint dismissed with prejudice.

**II.     The Complaint fails to state sufficient allegations to support of claim of defamation.**

To state a claim of defamation in the District of Columbia, Plaintiff must allege four elements:

> "(1)     that the defendant made a false and defamatory statement concerning the plaintiff;

> (2) that the defendant published the statement without privilege to a third party;
> (3) that the defendant's fault in publishing the statement amounted to at least negligence; and
> (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm."

*Libre By Nexus v. Buzzfeed, Inc.*, 311 F.Supp. 3d 149, 155 (D.D.C. 2018) (quoting *Deripaska v. Associated Press*, 282 F.Supp. 3d 133, 140-41 (D.D.C. 2017)); *see also* Solers, Inc. v. Doe, 977 A.2d 941, 948 (D.C. 2009); *Oparaugo v. Watts,* 884 A.2d 63, 76 (D.C. 2005).  Although the District of Columbia does not impose a heightened standard of pleading for defamation claims, the court must examine whether "the factual allegations in the [ ] complaint are sufficient to permit the opposing party to form responsive pleadings, [since this is] the principal reason that some courts demand a heightened standard of pleading in defamation."  *Solers, Inc. v. Doe, 977 A.2d.* at 948. "However . . . bare statements of legal conclusions are insufficient to state a claim for libel."  *Oparaugo*, 884 A.2d at 77 (citing *Watwood v. Credit Bureau, Inc.,* 68 A.2d 905, 906 (D.C.1949).

    A.    **<u>Complaint fails to state a claim because  PSI's alleged statement is privileged</u>.**

The allegations in the Complaint establish that the alleged statement at issue was privileged.  "Qualified or conditional privileges 'are based upon a public policy that recognizes that it is desirable that true information be given whenever it is reasonably necessary for the protection of the actor's own interests, the interests of a third person or certain interests of the public.'"  *Payne v. Clark*, 25 A.3d 918, 924–25 (D.C. 2011) (quoting *Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C. 1990)).

Moreover, an assertion of qualified privilege can only be defeated by a showing that the statement was made out of malice.  *See Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715

7

A.2d 873, 879 (1998).  "Malice, in the context of a qualified privilege, is the equivalent of bad faith." *Payne v. Clark*, 25 A.3d at 925 (citations omitted).  "It is the doing of an act without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will." *Id.* (citations omitted).  It is the Plaintiff who has the burden of demonstrating that PSI acted out of malice.  *See Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d at 879.

The clear allegations in the Complaint establish that the alleged statement was privileged in that it is alleged that the statement was made by PSI in response to a federal investigator as part of a federal background investigation.

### 1. **A qualified privilege applies to PSI because the statement was published in its role as Plaintiff's former employer.**

With respect to statements by an employer with respect to a former employee, "[t]he law has long recognized a privilege for anything said or written by a master in giving the character of a servant who has been in his [or her] employment." *Turner v. Fed. Express Corp.*, 539 F. Supp. 2d 404, 409 (D.D.C. 2008) (citing *Wallace v. Skadden, Arps, Slate, Meagher & Flom,* 715 A.2d 873, 879 (D.C.1998) (internal quotation marks omitted)).  A communication written in response "to an inquiry by a prospective employer of appellant [is] clothed with a qualified privilege recognizable as a matter of law." *Edwards v. James Stewart & Co.,* 160 F.2d 935, 936 (D.C.Cir.1947s.").

The Complaint asserts only that PSI's statements were related to the fact that he was involuntarily terminated (Compl. ¶ 13, 19) due to Plaintiff's having made an inquiry about how he could search the Department of Justice's database system to obtain personal information about individuals (Compl. ¶ 20).  Within the four corners of the Complaint, Plaintiff affirms that PSI's statements to the Federal investigator were clearly made as Plaintiff's former employer and

8

were pertinent to Plaintiff's character and performance as a Personnel Security Specialist. *See* Compl. ¶¶ 1, 17-20.  Certainly, a security employee seeking access to sensitive information outside the scope of his employment responsibilities is relevant to both Plaintiff's character and any evaluation of whether Plaintiff should receive a continued security clearance.  As such, PSI's statements regarding the reason for Plaintiff's involuntary termination are protected by its qualified privilege as Plaintiff's former employer.

### 2. PSI also had a common interest privilege in providing the reasons for Plaintiff's termination to the appropriate Federal security agency.

Common interest privilege protects otherwise defamatory statements made (1) in good faith, (2) on a subject in which the party communicating has an interest, or in reference to which he has, a duty to a person have a corresponding interest or duty, (3) to a person who has a such a corresponding interest [sic]." *Armenian Assembly of America, Inc. v. Cafesjian*, 597 F.Supp. 2d 128, 138 (D.D.C. 2009).  "[T]he privilege does not exist unless the publisher believes, with reasonable grounds, that his statement is true." *Phillips v. Mabus*, 894 F.Supp. 2d 71, 97 (D.D.C. 2012) (citing *Altimont, Inc. v. Chatelain, Samperton & Nolan*, 374 A.2d 284, 290 (D.C. 1977) (internal quotation marks omitted).

Plaintiff's defamation claim fails because PSI had a common interest privilege in responding to an inquiry by federal security authorities as to the reason underlying Plaintiff's termination.  As the Complaint alleges, PSI provided information to a federal investigator regarding Plaintiff's involuntary termination based on Plaintiff's inquiry as to how to obtain personal information on individuals in the Department of Justice's database system.  Compl. ¶¶ 17-20.  Plaintiff makes no allegation that PSI did not have reasonable grounds to believe its basis for his termination was true or that PSI failed to act in good faith.  In fact, the Plaintiff acknowledges that on May 25, 2018, PSI Operations Manager, Daniel Webb, informed him that

9

there would be an investigation.  *Id.* at ¶ 10.  Moreover, the grounds for his termination were pertinent to the Federal Government's interest in ensuring employees with access to potentially sensitive government information are properly screened for any potential threats.  That information was also pertinent to PSI's interest in fulfilling its obligation as a federal defense contractor to provide its client, the Federal Government, with information relevant to a security assessment of Plaintiff.

### 3. There are no factual allegations to establish malice.

There are no allegations in the Complaint that PSI acted with malice in making the alleged statement to the federal investigator.  The Complaint simply makes the conclusory allegation, without any factual support, that the alleged statement was "malicious."  Compl., ¶ 18.  However, conclusory allegations are not sufficient to state a claim.  *Oparaugo*, 884 A.2d at 77.  Although the Complaint makes allegations about difficulties that Plaintiff had with certain individuals during his employment with PSI (Compl. ¶¶ 8-11), there are no allegations that these individuals had any involvement in making the alleged statement to the federal investigator.  In fact, there are no allegations as to who allegedly made the statement.  There is no factual basis alleged to establish malice.

Based on the discussion above, PSI respectfully requests that the Court find that PSI's statement was protected both the employer-employee and common interest privileges and dismiss the Complaint with prejudice.

### Conclusion

WHEREFORE, for the foregoing reasons, Protection Strategies, Inc. respectfully requests that this Court enter an order grating its motion, and dismiss the Complaint with prejudice.

Dated:  March 2, 2021                              Respectfully submitted,

                                              */s/ Amy M. Heerink*
                                              Michael E. Barnsback (D.C. Bar No. 1614499)
                                              Amy M. Heerink (D.C. Bar No. 457186)
                                              O'HAGAN MEYER, PLLC
                                              2560 Huntington Avenue, Suite 204
                                              Alexandria, VA 22303
                                              (703) 775-8603
                                              mbarnsback@ohaganmeyer.com
                                              aheerink@ohaganmeyer.com
                                              *Counsel for Protection Strategies, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2021, a copy of the foregoing Defendant Protection Strategies, Inc.'s Memorandum in Support of its Opposed Motion to Dismiss Complaint was filed with the Clerk's office via CaseFileXpress and served on Plaintiff via email and via first-class U.S. mail, postage pre-paid, as follows:

        Carl E. Pannell, Jr.
        12600 Northton Court
        Upper Marlboro, MD 20772

        1500 Southview Drive, Apt. 409
        Oxon Hill, MD 20745
        cpannelljr@gmail.com
        Tel:  (301) 523-8480

                                                     */s/ Amy M. Heerink*
                                                     Amy M. Heerink