UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Carl E. Pannell Jr.

    Plaintiff,

v.

Protection Strategies Inc.

    Defendant,

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:21-cv-00602-EGS

# PLAINTIFF'S RESPONSE TO DEFENDEANT'S MOTION TO DISMISS

## Argument

**I. Legal Standard**

A court considering either type of motion assumes that the facts alleged in the complaint are true and views the complaint in the light most favorable to the plaintiff. *Id.*; *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (court considering a motion to dismiss "contend[ing] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based" affords the plaintiff "the same procedural protection as [the plaintiff] would receive under a Rule 12(b)(6) consideration").

**II. The Complaint Adequately Pleads that PSI is Implicated in Plaintiff's denial of a security clearance.**

Defendant argues that Plaintiff implicated The Court should reject this circular reasoning. Plaintiff never argued the denial of a security. Plaintiff reaffirms that the derogatory statements the PSI made to federal investigator damaged Plaintiff's reputation and overall fitness in regards to obtaining employment.

**III. Defendant's Right To Privilege**

Defendant believes that they have right to privilege for comments they provided to the federal investigator. There no such rule or authority to provide privilege on commentary for any individual or entity on a federal background check when that individual or entity is not the subject of the background investigation *Id.; see also Department of State v. Washington Post Co.*, 456 U.S. 595 (1982). Instead, the only protection of an individual's privacy is for the behalf of the subject in question, which in this circumstance is myself. According to the Freedom of Information Act the subject individual having their background check investigated may request any or all records pertaining to that subject's background investigation per request through the FOIA office. With regards to the over-the-phone meeting that Plaintiff had with PSI manager Daniel Webb and human resources personnel Francheska Parkman on May 25th 2018 the defense for the Defendant has misconstrued the basis of that meeting. Plaintiff reaffirms that at no time, prior to termination, was made aware of the reason for my termination. When Mr. Webb informed Plaintiff that an investigation would be conducted this was based on the emails that Plaintiff sent to Mr. Webb and Ms. Parkman concerning team lead Janielle Tilghman's behavior (see exhibits 1, 2, 4 & 5). Furthermore, it was not until after the investigation started on Janielle Tilghman that this ruse of a story (stared by Ms. Tilghman) falsely stating that I inquired on how to look up an individual on the Dept. of Justice's database system.

## **Conclusion**

The Court should deny Defendant's motion to dismiss the Complaint.

Respectfully Submitted,

*[signature]*

Carl E. Pannell Jr.
1500 Southview Dr, apt. 409
Oxon Hill, MD 20745
cpannelljr@gmail.com
(301)-523-8480

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 31st of 2021 Plaintiff's response to motion to dismiss was filed with the Clerk of the Court by email using dcdml_filesintake@dcd.uscourts.gov. and served Defendant via email

*[signature]*

Carl E. Pannell Jr.