UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL E. PANNELL, JR., </br></br>　　　　Plaintiff, </br></br> v. </br></br> PROTECTION STRATEGIES, INC., </br></br>　　　　Defendant. | Civil Action No. 1:21-cv-00602-EGS |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Protection Strategies, Inc. ("Defendant"), by and through its undersigned counsel, submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Carl E. Pannell, Jr. ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein. Defendant denies that Plaintiff is entitled to any relief whatsoever.

## SPECIFIC DENIALS AND RESPONSES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further specifically responses to the allegations in the numbered paragraphs of the Complaint:

### Opening Paragraph

Defendant denies making any false and derogatory statements as alleged in the Complaint opening paragraph. The remainder of the Complaint opening paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, the assertion

1

in the opening paragraph is denied.  Further, Defendant objects to the failure of the opening paragraph to specify the source of the numbered statutory provision allegedly violated.

## Parties

1.	Admit that Plaintiff is an adult.  Admit that Defendant employed Plaintiff as a Personnel Security Specialist and that in his capacity as a Personnel Security Specialist, Plaintiff was located in a building occupied by the Department of Justice.  Defendant lacks knowledge or sufficient information to admit or deny the remaining allegations in Paragraph 1, therefore the remaining allegations are denied.

2.	Admit that Defendant maintains its headquarters and principal place of business in the state of Tennessee.  The remaining allegations in Paragraph 2 assert legal conclusions to which no response is required.

## Jurisdiction

3.	Deny.

4.	The allegations in Paragraph 4 assert legal conclusions to which no response is required.  To the extent Paragraph 4 of the Complaint contains allegations that Defendant made false and derogatory statements, such allegations are denied.

5.	Admit.

6.	Deny.

7.	Deny.

8.	Admit that Team Lead Janielle Tilghman supervised Plaintiff during his 3 weeks of employment by Defendant.  Admit that a letter dated May 21, 2018 and addressed to Defendant's Human Resources Department, was sent by Plaintiff, who complained that Ms. Tilghman's behavior was demeaning.  Deny that Plaintiff's May 21, 2018 complaint letter stated

that Ms. Tilghman's behavior was insolent. Admit that Plaintiff made a total of three complaints regarding his view of Ms. Tilghman's behavior in the workplace. Defendant lacks knowledge or sufficient information to admit or deny the remaining allegations in Paragraph 8, therefore the remaining allegations are denied.

9. Admit that Plaintiff sent an email addressed to Daniel Webb, Defendant's Operations Manager, requesting to be trained solely by Defendant employee NaKeya Miller. Deny that the same email described Ms. Tilghman's behavior as insulting and contemptuous. Deny that the email was sent on May 22, 2018.

10. Admit that on May 25, 2018, Defendant's Operations Manager Daniel Webb and Business Administration Manager Francheska Parkman conducted a telephone conference with Plaintiff regarding the complaints he had made about Ms. Tilghman. Deny inference in Paragraph 10 that the May 25, 2018 telephone conference did not constitute part of Defendant's investigation of Plaintiff's complaints. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 10, therefore the remaining allegations are denied.

11. Admit that on May 30, 2018, Plaintiff sent an email to Mr. Webb and Ms. Parkman, asking if Defendant had a contract "where [his] credits and talents could be applied." Admit that Ms. Parkman responded to Plaintiff notifying him that his email was received. The remaining allegation in Paragraph 11 is denied.

12. Deny that Ms. Parkman wrote Plaintiff's May 31, 2018 letter of termination.

13. Admit that Plaintiff's employment was terminated on June 1, 2018. Admit that Plaintiff was informed of the termination, via telephone, by Mr. Webb as well as Ms. Parkman. The remaining allegations in Paragraph 13 are denied.

14. Deny.

15. Deny making any false or defamatory statements. Deny that Plaintiff suffered damages as a result of any statement made by Defendant.

## Of Cause of Action for Defamation

16. Defendant's responses to paragraphs 1-15 are incorporated herein by reference.

17. Defendant lacks knowledge or sufficient information to admit or deny the allegations in Paragraph 17, therefore the allegations in Paragraph 17 are denied.

18. Deny making any untrue, unfounded, or malicious statements regarding the termination of Plaintiff's employment to any federal investigator. Defendant lacks knowledge or sufficient information to admit or deny the remaining allegations in Paragraph 18, therefore the remaining allegations are denied.

19. Admit that Defendant informed the appropriate federal security agencies regarding Plaintiff's involuntary termination pursuant to federal reporting requirements imposed on Defendant.

20. Deny making any untrue and unfounded statements to any federal investigator. Deny Plaintiff's inference in Paragraph 20 that he did not inquire how to search for individuals in the Department of Justice's database system to obtain personal information unrelated to the performance of Plaintiff's duties while employed by Defendant.

21. Deny making any derogatory or inflammatory statements regarding Plaintiff. Defendant lacks knowledge or sufficient information to admit or deny the remaining allegations in Paragraph 21, therefore the remaining allegations are denied.

    a. Defendant lacks knowledge or sufficient information to admit or deny the allegations in Paragraph 21(a), therefore the allegations in Paragraph 21(a) are denied.

      b.      Defendant lacks knowledge or sufficient information to admit or deny the allegations in Paragraph 21(b), therefore the allegations in Paragraph 21(b) are denied.

      c.      Defendant lacks knowledge or sufficient information to admit or deny the allegations in Paragraph 21(c), therefore the allegations in Paragraph 21(c) are denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claim barred by the truth of the statements allegedly made by Defendant in relation to Plaintiff's employment and termination.

2. The Court lacks subject matter jurisdiction over Plaintiff's defamation claim

3. Plaintiff's claim is barred by qualified privilege.

4. Plaintiff's claim is barred by common interest privilege.

5. Plaintiff's claim is barred in whole or in part by the applicable statute of limitations.

6. Plaintiff's claim is barred his own misconduct in inquiring as to how to access individual employee information in the Department of Justice database during his employment by Defendant and his post-termination harassment of Defendant's employees.

7. Defendant acted in good faith and as required by law, and its actions were taken without malice, ill will or enmity.

8. Plaintiff's damages, if any, were caused by the actions of third parties for which Defendant has no control over.

9. This action or any relief sought by Plaintiff is barred, in whole or in part, by additional affirmative defenses that cannot now be asserted due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed.

10. Defendant intends to rely upon any and all other defenses, including but not limited to failure to mitigate damages, as may be developed through discovery or otherwise, and expressly reserves the right to amend or supplement its Answer and Affirmative Defenses as may be appropriate during the course of this litigation.

## Relief Requested

Defendant denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court enter judgment in Defendant's favor, dismiss this matter with prejudice, and award Defendant its costs as the Court deems appropriate.

DATED: March 8, 2022                           Respectfully submitted,

*/s/ Michael E. Barnsback*
Michael E. Barnsback (Federal Bar No. VA015)
O'HAGAN MEYER, PLLC
2560 Huntington Avenue, Suite 204
Alexandria, VA 22303
(703) 775-8601
mbarnsback@ohaganmeyer.com
*Counsel for Defendant Protection Strategies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March 2022, a copy of the foregoing Defendant Protection Strategies, Inc.'s Answer was filed with the Clerk of the Court using the CM/ECF system and served on Plaintiff via email as follows:

>Carl E. Pannell, Jr.
>1500 Southview Drive, Apt. 409
>Oxon Hill, MD 20745
>cpannelljr@gmail.com
>Tel:  (301) 523-8480

>*/s/ Michael E. Barnsback*
>Michael E. Barnsback